UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY S.,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

Case No. 2:25-cv-10905
Honorable Anthony P. Patti

**<u>OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF No. 12), DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 14), and REMANDING</u>**

## I. Background

Mary S. ("M.S.") applied for disability insurance (DI) benefits on April 24, 2023, alleging a disability beginning April 22, 2023 (*i.e.*, the alleged onset date (AOD)) due to her migraines and trauma and stress related disorders. (ECF No. 9-1, PageID.116.) Plaintiff's claims were initially denied on January 3, 2024, and upon reconsideration on June 10, 2024. (*Id.*, PageID.116-128.)

M.S. sought a hearing with an administrative law judge (ALJ) (*id.*, PageID.148), which was scheduled via Microsoft Teams for November 6, 2024 (*id.*, PageID.225). On November 22, 2024, the ALJ issued an unfavorable decision. (*Id.*, PageID.39.)

M.S. requested review (*id*., PageID.227-29); however, on January 30, 2025, the Appeals Council (AC) denied the request for review (*id*., PageID.26-28).

## II.    Instant Case & Pending Motion

On March 31, 2025, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner").  The parties have consented to my jurisdiction to handle this case through entry of a final judgment.  (ECF No. 7.)

Currently before the Court is Plaintiff's motion for summary judgment (ECF No. 12), which challenges the ALJ's treatment of the opinion evidence of Terry Rudolph, Ph.D., who conducted a psychological consultative examination of Plaintiff, and Jack Parent, M.D., a treating physician from the Veteran's Administration (VA) who completed a Residual Functional Questionnaire.[1]  The Commissioner filed a cross-motion for summary judgment (ECF No. 14), and Plaintiff has filed a reply (ECF No. 15).

On March 6, 2026, the Court conducted a remote hearing, at which Attorney Vicki Corr and Assistant United States Attorney Lisa G. Smoller appeared.  After a brief recess, the Court issued its opinion and reasoning from the bench, <u>all of which is incorporated by this reference as though fully restated herein.</u>

---

[1] Plaintiff initially challenged the ALJ's treatment of Plaintiff's VA Rating, but after Defendant cited controlling authority, Plaintiff waived the VA argument during the March 6, 2026 hearing.

## III.     Standard

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (*quoting Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case de novo, resolve conflicts in evidence or decide questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").  Furthermore, the claimant "has the ultimate burden to establish an entitlement to

3

benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (*quoting Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (*quoting Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

Plaintiff has the burden of proof on her statements of error, as she challenges the ALJ's treatment of the opinion evidence, which occurred between steps 3 and 4 of the sequential process. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th

Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.").

## IV.   Discussion

Before proceeding to Plaintiff's specific statements of error, the Court notes the ALJ's related RFC determination:

> . . . [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can frequently reach overhead with the right arm. She can frequently climb ramps and stairs. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can occasionally work at unprotected heights. She can never work in extreme cold or extreme heat. She can occasionally work in vibration. She is limited to a moderate noise environment or less. She can perform detailed but not complex tasks, and not at a production rate pace. She can frequently interact with supervisors, occasionally interact with coworkers, and never interact with the public. She can tolerate occasional changes in tasks or demands.

(ECF No. 9-1, PageID.48.)

### A. 20 C.F.R. § 404.1520c

The medical opinion evidence Plaintiff submitted was evaluated by the ALJ under 20 C.F.R. § 416.920c because Plaintiff filed her application after March 17, 2017.  This rule replaces the former treating physician rule, see 20 C.F.R. § 416.927 (March 27, 2017), which gave substantial deference to treating medical source opinions. *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021).  Under the newer rule, no one medical opinion is given controlling weight.  20 C.F.R. § 416.920c.  Instead, each opinion must be evaluated for

5

supportability and consistency with the record; the medical source's relationship with the patient; and any specialized training or experience the medical source possesses.  *Id*.  Further, the agency may look at the medical source's familiarity with other evidence in the record and familiarity with agency policies and evidentiary requirements. The most important factors are supportability and consistency with the record.  *Id*.  (only requiring the ALJ to discuss these factors in a decision; the others are optional).

With respect to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). As for consistency, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

## B. Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the opinion evidence.  (ECF No. 12, PageID.4419-4421.)  Specifically, the ALJ was not

persuaded by the opinions of Dr. Terry Rudolph (ECF No. 9-1, PageID.56) and Dr.

Jack Parent (ECF No. 9-1, PageID.55-56).  Plaintiff argues that the ALJ erred in

discounting these opinions.  For the reasons stated fully on the record, I agree and

find that the ALJ's finding that Dr. Rudolph's and Dr. Parent's opinions were not

persuasive was not supported by substantial evidence, in that the ALJ did not

adequately explain his consideration of the supportability and consistency factors

in discounting the opinions.

### 1.     Consultative Examiner Dr. Rudolph

Plaintiff first challenges the ALJ's treatment of Dr. Rudolph.  With respect

to Dr. Rudolf, the ALJ found as follows:

> Consultative examiner Terry Rudolph, PhD, opined that the claimant did not
> appear to have the capacity to meet and interact with the public or get along
> with supervisors and coworkers. He said she could register, recall, and carry
> out one step and simple two step instructions. He said she would benefit
> from communications that are simple, direct, and concrete in an effort to
> compensate for her weaknesses in abstract verbal reasoning. He said she
> would benefit from a structured work environment with a finite and well
> defined set of job duties and frequent supervision and feedback. He opined
> that the claimant would not be able to maintain attention and concentration
> for extended periods or work in coordination with or in close proximity to
> others without being distracted by them. He also opined that it might be
> difficult for her to maintain socially appropriate behavior, though he said she
> should be able to adhere to basic standards of neatness and cleanliness
> (Exhibit 27F). I am not persuaded by this opinion. First,
> while I acknowledge the record supports moderate social limitations, Dr.
> Rudolph's finding that the claimant could not get along with coworkers or
> supervisors is not completely supported by or consistent with the evidence.
> Although the claimant was profane, blunt, and irritable, she was still
> cooperative with the consultative examiner (Exhibit 27F). The claimant was
> anxious and had pressured speech and suspicious thoughts at some treatment

7

visits, but she maintained good eye contact with her medical providers (Exhibits 2F, 4F-6F, 9F, 24F, 26F). Second, Dr. Rudolph's conclusion that the claimant could only handle simple one or two step instructions is not entirely consistent with the record. For example, while the claimant endorsed concentration difficulties, examinations noted she was attentive, displayed good concentration, and made only one error on math calculations (Exhibits 2F, 4F-6F, 27F). Finally, Dr. Rudolph's opinion regarding a structured work environment requiring frequent supervision and feedback is internally inconsistent with his finding that she would be unable to get along with supervisors. This limitation is also not supported by the claimant's overall record, including her ability to manage finances, drive a car, and perform her own activities of daily living (Exhibits 8E, 27F).

(ECF No. 9-1, PageID.57.)

For the reasons stated on the record, the Court is troubled with the ALJ's third reason for rejecting Dr. Rudolph's opinion. The ALJ noted that, "Dr. Rudolph's opinion regarding a structured work environment requiring frequent supervision and feedback is internally inconsistent with his finding that she would be unable to get along with supervisors." The Court, however, cannot "'trace the path of [the ALJ's] reasoning'" as to how the ALJ found an inconsistency between the two findings. *Stacey v. Comm'r of Soc. Sec.*, 451 Fed. Appx. 517, 519 (2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)). Indeed, as expressed by Plaintiff "Dr. Rudolph opined that Plaintiff would benefit from frequent supervision due to cognitive limitations, *not that she could comfortably interact with supervisors*." (ECF No. 15, PageID.4439 (emphasis added).) "The ALJ conflated the need for structure with the capacity for social engagement, ignoring

8

the nuance of Dr. Rudoph's findings." (*Id.*)  Read together, Dr. Rudolph's findings suggest that Plaintiff cannot function in the workplace because she lacks the capacity to be supervised while she also *requires* close supervision to function in the workplace.  And the rejection of this particular point in Dr. Rudoph's opinion as "internally inconsistent" materially affected the RFC.  Had the ALJ instead credited Dr. Rudolph's opinion on this point either partially or wholly, the RFC would have called for either "no interaction" with supervisors, rendering her unemployable and thus disabled, or perhaps "occasional" or "rare" interaction with supervisors, which would have still been highly problematic in light of the opinion that she required a "structured environment with close supervision."  At a minimum, if the RFC were to be adjusted, further scrutiny by the vocational expert would be required.

Because the ALJ seems to have ignored this nuance, or rather has failed to articulate his conclusion that Dr. Rudolph's findings were inconsistent with the record, the ALJ has not fulfilled the requirement to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [Plaintiff's] determination or decision." 20 C.F.R. § 404.1520c(2).  *See Emery L. D. v. Comm'r of Soc. Sec.*, No. 2:24-CV-10713, 2025 WL 976685, at *6 (E.D. Mich. Mar. 14, 2025) (Patti, MJ), *report and recommendation adopted*, No. 24-CV-10713, 2025 WL 968284 (E.D. Mich. Mar.

31, 2025) (Leitman, J.).  As discussed in detail from the bench, the Court is unable

to follow the ALJ's reasons for finding the Dr. Rudolph unpersuasive.

### 2. Dr. Parent

Plaintiff also challenges the ALJ's treatment of Dr. Parent's findings.  The

ALJ wrote:

> Jack Parent, MD, opined that during times of headache, the claimant could not function due to nausea, vomiting, photophobia, and phonophobia. He said she must avoid all exposure to fumes, odors, dusts, and gases, and avoid moderate exposure to extreme cold, extreme heat, noise, and bright lights. He further opined that she would be absent from work more than 4 days per month (Exhibit 7F). I am not persuaded by this opinion, as it is not supported by or consistent with the medical evidence. I did provide limitations in the residual functional capacity to account for the claimant's migraines; however, the extent of limitations provided by Dr. Parent's opinion is excessive given the overall record. As already previously discussed above, the claimant has complained of migraines, but her treatment for this impairment has remained conservative. She has only one emergency room visit for a migraine during the relevant period (Exhibit 29F). The claimant also noted that her migraine pain was controlled with medication (Hearing testimony).

(ECF No. 9-1, PageID.55-56.)

The ALJ thus discounted Dr. Parent's opinion for two reasons.  First, that

Plaintiff had only received "conservative treatment."  Second, that Plaintiff's

migraine pain was controlled with medication.  As discussed on the record, the

Court finds that the ALJ failed to properly articulate his basis for discounting Dr.

Parent's opinion under 20 C.F.R. § 404.1520c.  *See Hardy v. Comm'r of Soc. Sec.*,

554 F. Supp. 3d 900, 906 (E.D. Mich. 2021) (quoting *Vaughn v. Comm'r of Soc.*

*Sec.*, No. 20-1119, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021)). "[a]n 'ALJ's failure ... to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [claimant's] disability determination was supported by substantial evidence.'"

With respect to the finding that Plaintiff only received "conservative" treatment, the ALJ failed to articulate what is meant by conservative treatment or what other treatment was possibly available to Plaintiff that Plaintiff did not pursue. Plaintiff was undisputedly on four different migraine medications (ECF No. 9-1, PageID.55), taken on a step-up or escalating-symptom basis and with increasing soporific side effects, culminating in a home injection that put her immediately to sleep for about eight to ten hours. (*Id*., PageID.77.) The Commissioner conceded at oral argument that surgery – with the possible exception of Botox – was not an option. It is very unclear why this treatment regimen was deemed "conservative."

Moreover, there is no record support for the finding that Plaintiff's migraine pain is "controlled" with medication, and the Commissioner did not identify any at the hearing. Indeed, despite the ALJ's citation to the "hearing testimony" in support of this point, the Commissioner was unable to point to that testimony when asked for the source of this reference at oral argument. Rather, Plaintiff testified that she is unable to control her pain with medication without serious side effects

11

that impact her negatively or put her in a stupor, which would not be conducive to functioning in a work environment.  (*Id.*, PageID.76-77.)  *See Vorhis-Deaton v. Comm'r of Soc. Sec.*, 34 F. Supp. 3d 809, 819 (S.D. Ohio 2014) ("[E]vidence of improved mental health symptoms does not render Dr. Boerger's opinion inconsistent with the medical evidence. The evidence shows that Plaintiff's symptoms often improved, but that such improvement was often short-lived and that her medications were frequently changed and adjusted.").  The regulations require that the "type, dosage, effectiveness, and side effects" of medications be taken into consideration, 20 C.F.R. § 416.929(c)(3)(iv), and while the ALJ does discuss side effects in his opinion (ECF No. 9-1, PageID.51), his reliance on *Plaintiff's testimony* for the conclusion that her migraines are "controlled" with medication, in light of what she actually said under oath, leaves the Court at a loss to trace the path of the ALJ's reasoning.

The ALJ stated that he was not persuaded by Parent's opinion because "it is not supported by or consistent with the medical evidence" (ECF No. 9-1, PageID.55), but the Court cannot discern the ALJ's basis for this finding.  Thus, Plaintiff is entitled to remand as to the ALJ's treatment of Dr. Parent's opinion, including but not limited to the supportability and consistency factors (*see* 20 C.F.R. § 1520c(c)).

12

### 3.    Conclusion

In sum, the Court finds that the ALJ did not properly articulate his basis for rejecting the medical opinions of Dr. Rudolph and Dr. Parent under 20 C.F.R. § 1520c.  Specifically, the ALJ left ambiguities which make it difficult to trace the logic for his finding that the opinions were unpersuasive.  This Court ''may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result.''  *Gross v. Comm'r of Soc. Sec.*,247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017) (Patti, M.J.), (*citing Pollaccia v. Comm'r of Soc. Sec.*, No. 09-cv-14438, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011); *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (requiring an appellate record that would ''permit meaningful review'' of the ALJ's application of the rules)).

The ALJ did not properly explain the supportability and consistency factors, and this may have prejudiced Plaintiff because the RFC could have been very different if either of the opinions had been credited.  Accordingly, for these reasons and for the reasons further stated on the record, the Court will **REMAND** the case for further proceedings.

13

## V.     Order

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein,</u> as well as the reasons set forth above, Plaintiff's motion for summary judgment (ECF No. 12) is **GRANTED IN PART** and **DEEMED WITHDRAWN IN PART**, and Defendant's motion for summary judgment (ECF No. 14) is **DENIED**. The case is **REMANDED** to the Commissioner of Social Security for action consistent with this opinion, including specific direction that the ALJ must further articulate any basis for rejecting the medical opinions of Drs. Rudolph and Parent, correct the errors and ambiguities identified herein, and must particularly  provide the missing logical bridge and reasoning for why their opinions are not persuasive under 20 C.F.R. § 1520c.

**IT IS SO ORDERED.**

Dated:  March 10, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

14